UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT ASARO, Individually and on behalf of all other persons similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>PRECISION DOCUMENT SOLUTIONS, INC.<br><br>        Defendant. | Case No.: _____<br><br>CLASS & COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Albert Asaro, on behalf of himself and all others similarly situated, hereby alleges through his attorneys, Lipsky Lowe LLP, as against Defendant Precision Document Solutions, Inc. ("PDS"), as follows:

## NATURE OF THE ACTION

1.      Plaintiff Asaro worked for Defendant PDS as a Printer Technician ("Printer Tech") and was paid every two weeks, not every week, he was not paid overtime premium pay for hours worked in excess of 40 in a week, and he was not paid overtime premium pay in the same week in which such pay was earned.

2.      Plaintiff Asaro asserts, on his behalf and on behalf of other similarly situated current and former Printer Techs of Defendant, claims of failure to: (i) pay overtime premium pay under the Fair Labor Standard Act ("FLSA") and New York Labor Law ("Labor Law"); (ii) timely pay overtime wages under the FLSA; (iii) pay wages weekly under N.Y. Lab. Law § 191(1)(a); (iv) provide the N.Y. Lab. Law § 195.1 Notice and Acknowledgement of Payrate and Payday; and (v) provide accurate the N.Y. Lab. Law § 195.3 Wage Statements.

<u>JURISDICTION AND VENUE</u>

3.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over the NY Labor Law claims under 28 U.S.C. § 1367. This Court also has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b)

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Manhattan, New York.

5.      Plaintiff Asaro demands a trial by jury.

<u>THE PARTIES</u>

6.      Plaintiff Asaro was, at all relevant times, an adult individual, residing in Howell, New Jersey.

7.      PDS is a foreign corporation licensed to do business in the State of New York, with its corporate headquarters and principal place of business at 2452 Lacey Lane, #100, Carrollton, TX 75006 .

8.      PDS is an enterprise engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.

9.      PDS, either directly or indirectly, has hired and fired Plaintiff Asaro and the other current and former Printer Techs, supervised and controlled their work schedule and conditions of employment, determined the rate and method of their payment, kept at least

some records regarding their employment, and established and enforced the unlawful policies and practices detailed in this Complaint.

10.     PDS is a covered employer within the meaning of the FLSA and the Labor Law.

<u>STATEMENT OF FACTS</u>

<u>Background</u>[1]

11.     PDS, among other things, provides sales, leasing, support, maintenance and repairs of office equipment, such as printers, scanners and copiers throughout New York City.

12.     Defendant has employed Plaintiff Asaro as a Printer Tech from on or about May 2017 to August 2019.

13.     Plaintiff Asaro and the putative plaintiffs primary duties as Printer Techs included trouble shooting, repairing, and maintaining printers, scanners and copiers for Defendant's clients.  The Printer Tech position required the ability to lift and carry 50 lbs. or more safely, bending, pulling, reaching and physically manipulating tools and parts with his hands.

14.     Plaintiff typically carried a bag consisting of tools and a laptop that weighed approximately 50 lbs.  He would receive his repair jobs, and their priority, from the dispatch center, then report to the client site to perform the needed equipment repairs and maintenance.

15.     Plaintiff Asaro spent more than 25% of his time performing physical labor.

---

[1] Headers are for organizational purposes only.

16.    Plaintiff Asaro worked with at least 50 other Printer Technicians at any one time, who, like him, spent more than 25% of their time doing the physical labor.

17.    From speaking with them and observing them, Plaintiff Asaro knows that other employees, like him, spend more than 25% of their time performing the same duties—physical labor.

Compensation Policies

18.    PDS paid Plaintiff Asaro and the other Printer Techs an hourly rate.

19.    PDS's policy was to pay their Printer Techs every 14 days, not every week.

20.    In paying them every 14 days, PDS did not pay Plaintiff Asaro and the other Printer Techs for the first week they worked within each pay period within seven days, nor did PDS pay overtime premium pay within the week in which it was earned, if at all.

Off-the Clock Overtime

21.    Plaintiff Asaro typically worked 41-42 hours per week but was only paid for 40 hours.

22.    He would clock in and out for his regularly scheduled 8-hour shift, but on many days would perform additional duties, such as completing reports, ordering parts, and/or emailing either before or after his regularly scheduled shift, or on some days both.

23.    Plaintiff Asaro also regularly work through all or part of his upaid lunch break.

24.    Defendant never paid Plaintiff Asaro an overtime premium rate of 1.5 times his regular rate of pay for any hours worked in excess of 40 hours per week for the entirety of the relevant time period.

25.     From his own observations and from speaking with others, Plaintiff Asaro knows that other Printer Techs similarly worked more than 40 hours per week and were not paid for all overtime premium pay earned, and were not paid for such overtime premium within the week in which it was earned.

Recordkeeping Violations

26.     Defendant did not provide Plaintiff Asaro with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 before or during his employment.

27.     Similarly, when Defendant paid Plaintiff Asaro, they did not give him any written statement that specified, *inter* alia, his pay rate, the pay period, the hours he worked during that pay period and any deductions.

28.     From speaking with others, Plaintiff Asaro knows that Defendant failed to provide other Printer Techs Notice under N.Y. Lab. Law § 195.1 before or during their employment. They also failed to provide any written statement that specified, *inter* alia, his pay rate, the pay period, the hours he worked during that pay period and any deductions.

29.     Defendant did not provide Plaintiff Asaro with the accurate wage statements under N.Y. Lab. Law § 195.3 during his employment.

30.     From speaking with others, Plaintiff Asaro knows that Defendant failed to provide other Printer Techs accurate wage statements under N.Y. Lab. Law § 195.3 during their employment.

<u>CLASS & COLLECTIVE ALLEGATIONS</u>

31.     Plaintiff Asaro asserts failure to pay overtime premium pay allegations on his own behalf and on behalf of all similarly situated Printer Techs employed by Defendant

(i) between July 5, 2017 and the entry of judgment in this case under the Labor Law for which he seeks a Class Action under Fed. R. Civ. P. 23, and (ii) between July 5, 2020 and the entry of judgment in this case under the FLSA, pursuant to which he seeks a Collective Action under 28 U.S.C. § 216(b) ) (the "Overtime Class").

32.     Plaintiff Asaro brings his N.Y. Lab. Law § 191(1)(a) claim on behalf of all persons whom Defendant is employing and have employed as Printer Techs between July 5, 2017 and the entry of judgment in this case in New York and who were paid every 14 days (the "191 Class Members").

33.     Plaintiff Asaro brings his N.Y. Lab. Law §§ 195.1 and 195.3 claims on behalf of all persons whom Defendant is employing and have employed between May July 5, 2017 and the entry of judgment in this case in New York (the "195 Class Members").

34.     The Class Members, in both classes, identified above are so numerous that joinder of all of them is impracticable.  Although the precise number of such persons is unknown and the facts upon which calculating that number are within Defendant's sole control, upon information and belief, the Class size exceeds 50 individuals.

35.     Plaintiff Asaro' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

36.     Defendant has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief.

37.    Plaintiff Asaro is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

38.    Plaintiff Asaro has the same interest in this matter as all other Class Members and Plaintiff Asaro' claims are typical of theirs.

39.    Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a.    whether Defendant employed Plaintiff Asaro and the Class Members within the meaning of the Labor Law;

b.    whether the OT Class Members worked more than 40 hours;

c.    whether Defendant violated the Labor Law by failing to pay the OT Class Members overtime premium pay for all hours worked in excess of 40 in a week.

d.    whether the 191 Class Members are manual laborers and non-exempt employees within the meaning of the Labor Law;

e.    whether Defendant violated the Labor Law by paying 191 Class Members every 14 days;

f.    whether Defendant violated the Labor Law by failing to provide the 195 Class Members the required statutory notices under Labor Law §§ 195.1 and/or 195.3;

g.    whether Defendant is liable for all claimed damages, including liquidated damages and attorneys' fees and expenses; and

h.    whether Defendant should be enjoined from such violations of the Labor Law in the future.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER THE FLSA
(On behalf of Plaintiff Asaro and the OT Collective Action Members)

40.     Plaintiff Asaro repeats every preceding allegation as if set forth fully herein.

41.     Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.     Defendant is required to pay Plaintiff his overtime compensation warned in a particular workweek on the regular payday for the period in which such workweek ends.

43.     Defendant was also required to pay Plaintiff Asaro and the other Printer Techs no less than 1.5 times the regular rate at which he was employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

44.     At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiff and the other similarly situated Printer Techs the proper overtime compensation for hours worked in excess of 40 hours per workweek and to pay such overtime compensation timely.

45.     Defendant was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

46.     Defendant, on information and belief, has not made a good faith effort to comply with the FLSA with respect to Plaintiff Asaro and the other Printer Tech's compensation.

47.     Defendant has failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

SECOND CAUSE OF ACTION
NEW YORK LABOR LAW – UNTIMELY PAID WAGES
(On Behalf of Plaintiff Asaro and the 191 Class Members)

48.     Plaintiff Asaro repeats every allegation of the preceding paragraphs as if fully set forth herein.

49.     Defendant is an employer within the meaning of N.Y. Lab. Law §§ 190, 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff Asaro and the 191 Class Members.

50.     Plaintiff Asaro and the 191 Class Members are "manual workers" within the meaning of N.Y. Lab. Law § 190(4).

51.     As manual workers, Defendant was required to pay Plaintiff Asaro and the 191 Class Members "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

52.     With Defendant paying Plaintiff Asaro and the 191 Class Members every 14 days, they did not pay them for the first seven days they worked during each period within seven days at the end of that week, violating N.Y. Lab. Law § 191(1)(a)(i).

53.     For violating N.Y. Lab. Law § 191(1)(a)(i), Defendant is liable to Plaintiff Asaro and the 191 Class Members for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a).

THIRD CAUSE OF ACTION
FAILURE TO PROVIDE THE 195.1 NOTICE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Asaro and the 195 Class Members)

54.     Plaintiff Asaro repeats every allegation of the preceding paragraphs as if fully set forth herein.

55.     Defendant willfully failed to supply Plaintiff Asaro and the 195 Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within 10 business days of their first employment date.

56.     Due to Defendant's violations of N.Y. Lab. Law § 195.1, Plaintiff Asaro and the 195 Class Members are entitled to recover from Defendant $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-b (2016).

FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE ACCURATE § 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Asaro and the 195 Class Members)

57.     Plaintiff Asaro repeats every preceding allegation as if set forth fully herein.

58.     Defendant willfully failed to supply Plaintiff Asaro and the 195 Class Members with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

59.     Due to their violations of N.Y. Lab Law § 195.3, Plaintiff Asaro and the 195 Class Members are entitled to recover from Defendant $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

<u>FIFTH CAUSE OF ACTION</u>
### FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Asaro and the OT Class Members)

60.    Plaintiff Asaro repeats every preceding allegation as if set forth fully herein.

61.    Under the Labor Law and supporting New York State Department of Labor Regulations, Defendant was required to pay Plaintiff Asaro and the OT Class Members 1.5 times their regular rate of pay for all hours he worked in excess of 40 per workweek.

62.    Defendant failed to pay Plaintiff Asaro and the OT Class Members the overtime wages to which they were entitled, violating N.Y. Lab Law § 650 and Part 142 § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

63.    Defendant willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Asaro and the OT Class Members overtime.

64.    Due to Defendant's Labor Law violations, Plaintiff Asaro and the OT Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Asaro, respectfully requests this Court grant the following relief:

        a.      Certify a collective action under FLSA 216(b);

        b.      Certifying this action as a class action under Article 9 of the New York Civil Practice Law and Rules on behalf of the OT, 191 and 195 Class Members and appointing Plaintiff Asaro and his counsel to represent the Class Members;

        c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and Labor Law;

        d.      An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

        e.      An award of overtime premium pay under the FLSA and/or Labor Law;

        f.      An award of liquidated damages under the FLSA and/or Labor Law, as applicable;

        g.      An award for failing to provide the Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1;

        h.      An award for failing to provide the required wage statement under N.Y. Lab. Law § 195.3;

        i.      An award of prejudgment and post-judgment interest;

       j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

       k.      Such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        July 5, 2023

                                         LIPSKY LOWE LLP

                                         s/ Christopher H. Lowe
                                         Christopher H. Lowe
                                         420 Lexington Avenue, Suite 1830
                                         New York, New York 10017-6705
                                         212.392.4772
                                         chris@lipskylowe.com
                                         *Attorney for Plaintiff Asaro and the Class Members*