UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERT ASARO,

                        Plaintiff,

    -against-

PRECISION DOCUMENT SOLUTIONS, INC.,

                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/2024

23-cv-05739 (KHP)

**ORDER OF DISMISSAL**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Plaintiff has also submitted a letter detailing why he believes the proposed settlement agreement is fair, reasonable, and adequate.  (ECF No. 38.)  This Court has reviewed the submissions in order to determine whether the proposed agreement represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in Plaintiff's letter and the terms of the proposed settlement agreement, and the Court's own familiarity with the matter, it is hereby ORDERED that:

      1.     The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2.      This Order does not incorporate the terms of the parties' proposed agreement. Further, the settlement agreement does not recite that this Court will retain jurisdiction to enforce its terms, and this Court has made no independent determination to retain jurisdiction. Accordingly, nothing in this Court's approval of the settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, 2016 WL 6754342, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3.      As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs.

4.      The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
       May 21, 2024

                                        SO ORDERED

                                        *Katharine H Parker*
                                        _____
                                        KATHARINE H. PARKER
                                        United States Magistrate Judge